CHRIST ALEXOPOULOS and LAMBIA ALEXOPOULOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexopoulos v. Commissioner
Docket No. 3796-79.
United States Tax Court
T.C. Memo 1980-190; 1980 Tax Ct. Memo LEXIS 397; 40 T.C.M. (CCH) 422; T.C.M. (RIA) 80190; May 28, 1980, Filed Christ Alexopoulos, pro se. Robert M. Fowler, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies and additions to tax under section 6653(a): [1]/ Additions
Year
Deficiencies
to Tax
1975
$1,562.96
$78.15
1976
$1,252.81
$62.64
At the time the petition was filed, petitioners were legal residents of Milwaukee, Wisconsin. They filed Federal income tax returns for 1975 and 1976 with the District Director of Internal Revenue of that City. Prior to the beginning of the trial of this case, petitioners made a series of oral motions which were denied as follows: 1. A motion *398 for a trial by jury. See, e.g., . 2. A motion to dismiss the petition insofar as it relates to 1975 on the ground that the notice of deficiency was not timely. The notice of deficiency was mailed on December 28, 1978, which is less than 3 years from the date the return was filed or the due date of the return for 1975. See sec. 6501(a) and (b). 3. A motion to place the burden of proof with respect to all issues on respondent. See ; . 4. A motion to dismiss the petition on the ground that Congress exceeded its constitutional authority in establishing the Tax Court as an Article I rather than an Article III Court. See . The Court also granted respondent's motion to quash a subpoena duces tecum requiring the District Director of Internal Revenue to produce "all materials, analyses, pamphlets, job descriptions covering fringe benefits for federal IRS employees and other federal employees." Another similar subpoena duced tecum *399 was also quashed. These subpoenas were issued in connection with petitioners' contention that members of unions, workers in industry, and Federal, state, and city government employees receive numerous fringe benefits which go untaxed and that it is discriminatory to deny petitioners, who are selfemployed, a deduction in an amount equal to the value of such untaxed fringe benefits. Petitioners compute the value of the fringe benefits at an amount approximately propertionately equal to the determined deficiencies in this case. In quashing the subpoenas duced tecum, the Court ruled that petitioners' position is without legal merit. The parties thereupon settled all issues except the following ones: 1. Whether petitioners are entitled to deductions for payments in the amounts of $3,099.50 in 1975 and $2,700 in 1976 which they allege were made to attorneys who assisted Mr. Alexopoulos in his law practice; and 2. Whether respondent erred in determining that petitioners are liable for additions to tas for 1975 and 1976 under section 6653(a). Petitioners offered no testimony or other evidence on these issues. The burden of proof rested with them. *400 Since they offered no evidence to support their allegations, we have no alternative but to sustain respondent's determinations. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.